**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ELIZABETH MACK,<br><br>          Plaintiff(s),<br><br>v.<br><br>VWX NO. 2 LIMITED PARTNERSHIP d/b/a/ CASH OASIS,<br><br>          Defendant(s). | 2:13-CV-1471 JCM (PAL) |

**ORDER**

Presently before the court is defendant VWX No. 2 Limited Partnership d/b/a Cash Oasis' ("Cash Oasis") motion for partial summary judgment on counts III and IV of plaintiff's complaint. (Doc. # 8). Plaintiff Elizabeth Mack ("Mack") has responded (doc. # 10), and defendant has replied (doc. # 11).

Also before the court is defendant's motion to dismiss. (Doc. # 15). Plaintiff has responded (doc. # 17), and defendant has replied (doc. # 20).

Finally, before the court is plaintiff's motion to dismiss defendant's counterclaims. (Doc. # 9). Defendant has responded (doc. # 14) and plaintiff has replied (doc. # 16).

**I.     Background Facts**

This matter arises out of an allegedly unpaid loan and the methods defendant Cash Oasis used to recover its money. (Doc. # 8 at 2). Pursuant to a deferred deposit agreement, plaintiff received $500 cash and provided defendant with a check for $585.71 to be deposited at a later date. (Doc. #

**James C. Mahan**
**U.S. District Judge**

1  8 at 2; ex. A-1). In applying for the loan, plaintiff supplied defendant with personal information,
2  including her cell phone number. (Doc. # 8 at 2). Plaintiff's check was rejected for insufficient funds
3  when defendant attempted to deposit the check at the previously agreed upon date. (Doc. # 8 at 2).
4  In an attempt to recover the funds, defendant's employees contacted plaintiff numerous times. (Doc.
5  # 8 at 2).

6  Plaintiff alleges defendant engaged in improper and illegal debt collection activity in order
7  to collect on the debt. (Doc. # 1 at 3). On or around March 30, 2013, defendant sent plaintiff a notice
8  that plaintiff's check had been returned. (Doc. # 1 at 3). On or around April 1, 2013, defendant sent
9  plaintiff a letter stating if defendant did not hear from plaintiff by April 24, 2013, it would assume
10 plaintiff did not intend to pay the debt and defendant would pursue legal action. (Doc. # 1 at 3-4).

11 Throughout the month of April, plaintiff received numerous calls from defendant attempting
12 to collect on the debt. (Doc. # 1 at 4). On April 19, 2013, plaintiff faxed defendant a cease and desist
13 letter for all communication. (Doc. # 1 at 4). After the fax, defendant continued to engage in debt
14 collection activity. (Doc. # 1 at 4).

15 Plaintiff alleges four causes of action in the instant matter: (1) violations of the Fair Debt
16 Collection Practices Act ("FDCPA") as incorporated through Nev. Rev. Stat. 604A.415; (2) invasion
17 of privacy by intrusion upon seclusion and by revelation of private financial facts to a third party;
18 (3) negligent violations of the Telephone Consumer Protection Act ("TCPA"); and (4) knowing
19 and/or willful violations of the TCPA.

20 **II.     Legal standard for summary judgment**

21 The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings,
22 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,
23 show that "there is no genuine issue as to any material fact and that the movant is entitled to a
24 judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to
25 isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24
26 (1986).

27 In determining summary judgment, the court applies a burden-shifting analysis. "When the
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  party moving for summary judgment would bear the burden of proof at trial, it must come forward
2  with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.
3  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue
4  of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213
5  F.3d 474, 480 (9th Cir. 2000) (citations omitted).

6        In contrast, when the nonmoving party bears the burden of proving the claim or defense, the
7  moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential
8  element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to
9  make a showing sufficient to establish an element essential to that party's case on which that party
10 will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails
11 to meet its initial burden, summary judgment must be denied and the court need not consider the
12 nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

13       If the moving party satisfies its initial burden, the burden then shifts to the opposing party
14 to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*
15 *Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing
16 party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the
17 claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions
18 of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th
19 Cir. 1987).

20       In other words, the nonmoving party cannot avoid summary judgment by relying solely on
21 conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045
22 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the
23 pleadings and set forth specific facts by producing competent evidence that shows a genuine issue
24 for trial. *See Celotex Corp.*, 477 U.S. at 324.

25       At summary judgment, a court's function is not to weigh the evidence and determine the
26 truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*,
27 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is
2  merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at
3  249–50.

4  **III.    Legal standard for motion to dismiss**

5     A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can
6  be granted." FED. R. CIV. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain
7  statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2); *Bell*
8  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual
9  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements
10 of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).  "Factual
11 allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus,
12 to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim
13 to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

14    In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when
15 considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations
16 in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id*. at 1950.
17 Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not
18 suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint
19 allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's
20 complaint alleges facts that allows the court to draw a reasonable inference that the defendant is
21 liable for the alleged misconduct. *Id*. at 1949.

22    Where the complaint does not permit the court to infer more than the mere possibility of
23 misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*.
24 (internal quotations omitted).  When the allegations in a complaint have not crossed the line from
25 conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

26 . . .

27 . . .

28

**IV.   Discussion**

**(1)   Defendant's motion for partial summary judgment on plaintiff's counts III and IV (doc. # 8).**

Defendant moves for partial summary judgment in regard to plaintiff's third and fourth causes of action, both arising out of the TCPA.

The TCPA states in part that it is unlawful for any person in the United States to make a telephone call using an artificial or prerecorded voice, other than "a call made with the prior express consent of the called party." 42 U.S.C. § 227(b)(1)(A).

Defendant argues 1) it does not own or utilize an artificial or prerecorded voice device as defined by the TCPA; and 2) even if it does own or utilize such a device, plaintiff consented to be contacted when she provided her phone number to defendant. Therefore, the contact was permitted by the statute. Defendant's motion for partial summary judgment is supported by the affidavit of Susan Hammon ("Hammon"), the district manager for defendant, attesting to these assertions. (Doc. # 8, ex. A).

In response, plaintiff filed a limited non-opposition indicating she does not oppose judgment on claims III and IV. However, she reserved the right to amend her complaint for "fraud," apparently in the event Hammon's affidavit was false. Plaintiff provides no basis for this suggestion and her reservation is founded entirely on unsupported speculation.[1]

It is well established that a non-moving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Hammon's properly authenticated affidavit shifted the burden to plaintiff to proffer allegations supported by sufficient facts in order to defend against summary judgment. She has failed to do so. Defendant's motion for partial summary judgment is granted.

**(2)   Defendant's motion to dismiss (doc. # 15).**

Plaintiff filed her complaint based on: 1) a violation of Nev. Rev. Stat. 604A.415; 2) a

---

[1] The parties apparently agreed to stipulate to dismiss these claims. However, plaintiff filed objections to the proposed stipulated order on this basis.

James C. Mahan
U.S. District Judge

- 5 -

1  violation of 15 U.S.C. § 1692 (FDCPA); and, 3) two violations of 47 U.S.C. § 227 (TCPA). Plaintiff
2  argues supplemental jurisdiction exists to hear her state law cause of action under 28 U.S.C. § 1367.

3       Summary judgment has been granted in favor of defendant as to the TCPA claims. The court
4  must therefore determine whether plaintiff has valid claims under the FDCPA in order to establish
5  the existence of supplemental jurisdiction over the state law causes of action. If the court dismisses
6  all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction
7  over a state law cause of action. 28 U.S.C. § 1367(c)(3).

8       Plaintiff argues defendant violated 15 U.S.C. §§ 1692a through 1692j. The provisions of the
9  FDCPA that plaintiff relies upon assert causes of action only against debt collectors. The FDCPA
10 defines a debt collector as "any person who uses any instrumentality of interstate commerce or the
11 mails in any business the principal purpose of which is the collection of any debts, or who regularly
12 collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due
13 another." 15 U.S.C. § 1692a(6).

14      However, the FDCPA explicitly excludes from the definition of debt collector "any officer
15 or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15
16 U.S.C. § 1692a(6)(A). A creditor is "any person who offers or extends credit creating a debt or to
17 whom a debt is owed, but such term does not include any person to the extent that he receives an
18 assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt
19 for another." 15 U.S.C. § 1692a(4).

20      Defendant asserts that it is a creditor, not a debt collector, and therefore plaintiff cannot state
21 a claim under the relevant provision of the FDCPA. In her opposition to defendant's motion to
22 dismiss, plaintiff does not argue that defendant is a debt collector. In fact, the complaint specifically
23 alleges that plaintiff obtained a loan directly from defendant, and that defendant itself (through its
24 employees) attempted to collect on the debt. Plaintiff makes no allegation that any third-party has
25 attempted to collect on the debt. As such, plaintiff has failed to allege a valid claim under the
26 FDCPA.

27      Instead of responding to defendant's argument, plaintiff insists she maintains a claim under
28

**James C. Mahan**
**U.S. District Judge**

- 6 -

1  Nev. Rev. Stat. 604A.415. The plaintiff may have a valid cause of action under Nev. Rev. Stat.
2  604A.415, which makes it a crime in the state of Nevada to violate the FDCPA, "even if the licensee
3  is not otherwise subject to provisions of [the FDCPA]." This may mean that the defendant could be
4  implicated under state law for violating the FDCPA even though the defendant is a creditor and not
5  a debt collector under the federal law. The court takes no position on the merits of such a claim.

6  However, the Ninth Circuit has ruled that "federal-question jurisdiction over a state law
7  claim is not created just because a violation of federal law is an element of the state law
8  claim." *Wander v. Kaus*, 304 F.3d 856, 859 (9th Cir. 2002). If the plaintiff cannot establish a cause
9  of action under federal law, her state law claim fails for lack of supplemental jurisdiction. The
10 Supreme Court has explained, "it would . . . flout, or at least undermine, congressional intent to
11 conclude that the federal courts might . . . exercise federal-question jurisdiction and provide remedies
12 for violations of that federal statute solely because the violation of the federal statute is said to be
13 a 'rebuttable presumption' or a 'proximate cause' under state law, rather than a federal action under
14 federal law." *Merrell Dow Pharmaceuticals, Inc. v.* Thompson, 478 U.S. 804, 812 (1986).

15 Plaintiff has failed to allege that defendant is a debt collector and not merely a creditor.
16 Therefore, the court grants defendant's motion to dismiss plaintiff's claims arising under the
17 FDCPA.

18 Because the court dismisses all claims over which it has original jurisdiction, it declines to
19 exercise supplemental jurisdiction over the state law cause of action. 28 U.S.C. § 1367(c)(3).

20 **(3)    Plaintiffs' motion to dismiss defendant's counterclaims (doc. # 9)**

21 Defendant asserts counterclaims for: (1) breach of contract and (2) unjust enrichment. Both
22 of the defendant's counterclaims arise out of state law. Because there is no underlying federal-
23 question, the court lacks supplemental jurisdiction to hear these claims.

24 **V.    Conclusion**

25 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for
26 partial summary judgment in regard to plaintiff's claims III and IV (doc. # 8) be, and the same hereby
27 is, GRANTED.

28

**James C. Mahan**
**U.S. District Judge**

- 7 -

IT IS FURTHER ORDERED that defendant's motion to dismiss for lack of jurisdiction (doc. # 15) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion to dismiss defendant's counterclaims (doc. # 9) be, and same hereby is, GRANTED.

DATED March 3, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 8 -